[Crim. No. 129. Third Appellate District.—April 27, 1910.]

THE PEOPLE, Respondent, v. JOHN REESE, Appellant.

CRIMINAL LAW—MANSLAUGHTER—APPEAL TAKEN PRIOR TO CODE AMENDMENT—WRITTEN SERVICE OF NOTICE ESSENTIAL.—Where the judgment convicting appellant of manslaughter, and the order denying him a new trial were rendered prior to the taking effect of the amendment to the Penal Code allowing an oral notice of appeal, the only method of taking the appeal to this court from such judgment and order was by the service and filing of a written notice of appeal.

ID.—EFFECT OF FAILURE OF APPELLANT TO APPEAR.—Where the appellant has filed no brief or points and authorities, this omission would alone be sufficient to justify the dismissal of the appeal, if one had been taken.

ID.—WANT OF JURISDICTION OF APPEAL—CERTIFICATE OF CLERK OF SUPERIOR COURT—TRANSCRIPT STRICKEN FROM FILES.—Where the clerk of the superior court certifies that no written notice of appeal is on file in that court, and that no notice of appeal of any kind

in this case is found upon its records, it clearly appears that appellant has failed to pursue the course required when the judgment and order appealed from were rendered, and that this court is without jurisdiction to review the record filed here, and it will order the transcript to be stricken from the files of the court.

ORDER striking out transcript on appeal from a judgment of the Superior Court of Siskiyou County, and from an order denying a motion for a new trial.    J. F. Lodge, Judge.

B. K. Collier, and Beard & Beard, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, for Respondent.

HART, J.—The defendant was convicted of the crime of manslaughter under an information charging him with the crime of murder.

The transcript does not show that an appeal has been taken from either the judgment or the order denying defendant's motion for a new trial.

A certificate of the clerk of the trial court, on file in this court, discloses "that there never has been, nor is there now, any written Notice of Appeal in said case of the People of the State of California vs. John Reese, Defendant, entered in the Clerk's Register in my office, and that no Notice of Appeal of any kind whatever is to be found in any of the records or papers in said case of the People of the State of California vs. John Reese, Defendant, in my office."

Judgment in this case was pronounced on May 12, 1909, and, as section 1239 of the Penal Code (Stats. 1909, p. 1086), which provides that an appeal from a judgment in a criminal case may be taken by the defendant "by announcing personally or through his attorney in open court *at the time the judgment is rendered* that he appeals from the same," did not go into effect until June 21, 1909, it is very plain that the defendant, in order to have succeeded in taking an appeal, should have served and filed a written notice of the same, as prescribed by section 1240 of the Penal Code, as that section read prior to the change in the method of taking appeals in criminal cases.    Having failed to pursue the course prescribed for appealing from the judgment at the

time judgment was rendered against him, this court is without jurisdiction to review the record filed here.

There is in fact no appeal here in any sense of the proposition, for there is not any evidence of even an attempt to take an appeal, while, on the contrary, the certificate of the clerk of the court below shows, as we have seen, that there is nothing in the records of the cause disclosing that any attempt was made to take any appeal whatsoever.

The appellant has not filed a brief, or points and authorities, and this omission would alone be sufficient to justify the dismissal of an appeal, if one had been taken. (Rule 5, supreme court.)

From the foregoing, it is clear that there is nothing left for this court to do but to order the transcript or record herein stricken from the files of this court, and such is the order.

Chipman, P. J., and Burnett, J., concurred.